UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MARLON BAYNES,

                                      Plaintiff,           **JOINT PRELIMINARY PRE-TRIAL STATEMENT**

      -against-

THE CITY OF NEW YORK, et al.,                      07 Civ. 11185 (LTS)

                                  Defendants.

------------------------------------------------------------------------x

        Now come the parties, by and through their respective counsel, and hereby and herein submit the following as a Preliminary Pre-Trial Statement as required by the Individual Rules of the Honorable Laura Taylor Swain, United States District Judge, Southern District of New York.

**a.    The nature of this action.**

Plaintiff's Statement:

        Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights. More specifically, plaintiff states that he was subjected to excessive force, false arrest, an unlawful strip-search, malicious prosecution, and malicious abuse of process by unidentified members of the New York City Police Department ("NYPD"), that other unidentified police officers failed to intervene, and that defendants' actions arose from and reflected a custom, usage, practice, procedure or rule of the NYPD.

Defendant's Statement:

        On September 1, 2005, at approximately 12:30 a.m., in the vicinity of 305 W. 113th St., New York, N.Y., plaintiff was observed by an undercover police officer in possession of

crack/cocaine. Thereafter, when another police officer approached the plaintiff, he swallowed the aforementioned crack/cocaine. Plaintiff was arrested and then prosecuted on charges of Attempted Tampering with Physical Evidence, P.L. § 110-215.40(2), and Obstruction of Governmental Administration in the Second Degree, P.L. § 195.05, until the criminal case was dismissed on speedy trial grounds on December 5, 2005.

b.  **A concise statement of the basis of this Court's jurisdiction over the action.**

Plaintiff's Statement:

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 in that it involves a federal question.

Defendant's Statement:

Based on the facts alleged, defendant does not challenge this Court's jurisdiction under 28 U.S.C. §1331 and §1343(3).

c.  **A concise statement of all material uncontested or admitted facts.**

- Plaintiff was arrested on or about September 1, 2005.
- Plaintiff was taken to Bellevue Hospital after his arrest.

d.  **A concise statement of all material uncontested legal issues.**

Plaintiff's Statement:

- A police officer may not employ an objectively unreasonable level of force in making an arrest.
- A police officer may not make an arrest in the absence of probable cause.

- A police officer may not strip-search an arrestee in the absence of particularized suspicion concerning contraband.

- Each criminal charge must be evaluated separately for purposes of a malicious prosecution claim.

- A police officer may not initiate a prosecution in the absence of probable cause for each criminal charge.

- A police officer may not make an arrest in order to achieve a collateral objective.

- A police officer must intervene to prevent other officers from committing civil rights violations.

- A municipality may not have a custom, usage, practice, procedure or rule that leads to civil rights violations.

Defendant's Statement:

Plaintiff must prove the elements of his claims by a preponderance of the evidence.

e.  **A concise statement of all legal issues to be decided by the Court.**

The following are legal issues that the parties believe may be presented to the Court for decision by motion in the course of litigation. Other legal issues may arise based upon developments in this case, or may be presented by requests for jury instructions.

Plaintiff's Statement:

- To be determined.

Defendant's Statement:

- Whether plaintiff has adequately stated a claim upon which relief can be granted.

- Whether there was probable cause to affect plaintiff's arrest and detention.

- Whether plaintiff can establish any policy or practice that caused the alleged deprivation of his constitutional rights.

- Whether it was objectively reasonable for police officer(s), assuming individual police officers are identified and made parties to this litigation, to believe that their acts did not violate plaintiff's clearly established rights.

- Whether any conduct by defendant was the proximate cause of any injury to plaintiff under federal law.

- Whether plaintiff complied with the notice of claim provisions claims pursuant to New York General Municipal Law § 50-e, so that he can pursue state law claims.

- Whether the City of New York is entitled to governmental immunity.

- Whether punitive damages are obtainable as against the municipal defendant.

f.  **Each party's concise statement of material disputed facts.**

Plaintiff's Statement:

1. Whether defendant police officers utilized force that was excessive under the circumstances.

2. Whether plaintiff attempted to resist arrest.

3. Whether defendant police officers arrested plaintiff in order to cover up their use of excessive force.

4. Whether NYPD had customs, usages, practices, procedures or rules that led to a violation of plaintiff's civil rights.

Defendant's Statement:

Defendant disputes the entirety of plaintiff's statement of material disputed facts. As stated above, on September 1, 2005, at approximately 12:30 a.m., in the vicinity of 305 W. 113th

St., New York, N.Y., plaintiff was observed by an undercover police officer in possession of crack/cocaine. Thereafter, when another police officer approached the plaintiff, he swallowed the aforementioned crack/cocaine. Police used a reasonable amount of force to effect plaintiff's arrest. Plaintiff was prosecuted by the New York County District Attorney's Office on charges of Attempted Tampering with Physical Evidence, P.L. § 110-215.40(2), and Obstruction of Governmental Administration in the Second Degree, P.L. § 195.05, until the criminal case was dismissed on speedy trial grounds on December 5, 2005.

g.  **A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law to be relied upon by such plaintiff or counterclaimant.**

Plaintiff's Statement:

The Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §1983.

Defendant's Statement: n/a

h.  **Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.**

Plaintiff's Statement: n/a

Defendant's Statement:

1. The complaint fails to state a claim upon which relief can be granted. Goldman v. Belden, 754 F.2d 1059, 1065 (2d. Cir. 1985); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

2. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

3. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant.

4. At all times relevant to the acts alleged in the complaint, defendant City acted reasonably in the proper and lawful exercise of its discretion. Therefore defendant City is protected by governmental immunity from liability. Gonzalez v. Doe, 476 F.2d 680, 685 (2d Cir. 1973).

5. Any individual police officers identified and made parties to this action would be entitled to qualified immunity. Saucier v. Katz, 533 U.S. 194 (2001); Robinson v. Via, 821 F.2d 913 (2d Cir. 1987); Thomas v. Roach, 165 F.3d 137 (2d Cir. 1999).

6. There was probable cause for plaintiff's arrest and prosecution. Therefore, there is no liability under Section 1983 for false arrest, false imprisonment or malicious prosecution. Singer v. Fulton County Sheriff, et al., 63 F.3d 110, 118 (2d Cir. 1995).

7. Plaintiff cannot state a § 1983 claim against the City of New York because he cannot establish a constitutional violation, let alone an unconstitutional municipal policy, practice, or custom. Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987).

8. Punitive damages are not recoverable as against defendant City. See, e.g., Tout v. County of Erie, 1998 U.S. Dist. LEXIS 15466, at *16 (W.D.N.Y. Sept. 9, 1998).

9. To the extent that plaintiff alleges unwelcome physical contact, it is established that not every push and shove violates the Fourth Amendment. Lennon v. Miller, 66 F.3d 416, 425 (2d Cir. 1995).

10. To the extent that plaintiff asserts state law causes of action, such claims may be barred for failure to comply with notice of claim provisions. See Gen. M. Law §§50-e and 50-i; see also Bailey v. Tricolla, 1996 U.S. Dist. LEXIS 20067, at *12-13 (E.D.N.Y. Dec. 11, 1996).

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations regarding a strip search and the propriety thereof, and, accordingly defendant reserves its rights to present defenses regarding any search conducted after such time as officers are named and additional information becomes available to defendant.

i. **A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.**

Plaintiff's Statement:

- Plaintiff has the burden of proof by a preponderance of the evidence as to all of the claims asserted in the complaint, except as to the existence of probable cause to arrest (for which defendants bear the burden).

- Defendants have the burden of proof regarding their immunity defenses.

Defendants' Statement:

- In order to recover damages for any injury, a plaintiff must show by a preponderance of the credible evidence that plaintiff's alleged injury was caused by the conduct of the defendant.

- As to the defense of qualified immunity, defendant police officers (assuming they are named) have the burden of proof.

j.  **Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefore.**

Plaintiff will amend the complaint to name individual defendants when the necessary information is received from counsel for the City of New York. The parties propose that the deadline to amend the pleadings be set for June 20, 2008.

k.  **A statement as to whether all parties consent to trial of the case by a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented).**

All parties do not consent to a trial of this matter by a Magistrate Judge.

l.  **What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a) were made or will be made.**

The parties respectfully request until May 16, 2008 to make their disclosures under Fed. R. Civ. P. 26(a).

m.  **The subjects on which disclosure may be needed and a proposed discovery cutoff.**

The parties' contemplated discovery includes, but is not limited, to the following:

1. Interrogatories and document requests.

2. Depositions of plaintiff and defendant police officers.

3. Depositions of any additional non-parties identified throughout the course of discovery.

4. Depositions of any physicians that may have treated plaintiff as a result of the incident in question.

5. Depositions of plaintiff's and defendant's expert witnesses, should any be identified.

6. Defendant will seek disclosure of plaintiff's complete medical history, including psychiatric history, for at least the past ten years.

7. Defendant will seek documentation regarding plaintiff's arrest and criminal history, if any.

8. Defendant will seek records of any employer who employed plaintiff for the past ten years.

9. If there is a claim of lost income in this action, defendant will seek plaintiff's federal and state income tax returns since the incident and for the five years prior to the date of incident.

10. Defendant will seek documentation regarding insurance carriers with whom plaintiff has made claims within the last five years.

11. Defendant proposes to defer discovery related to defendant's alleged policies and practices pursuant to Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978). Courts have issued orders deferring Monell discovery preferring to address the merits of a plaintiff's individual claim in the first instance. See, e.g., Ricciuti v. New York City Transit Auth., 124 F.3d 123, 127 (2d Cir. 1997).

Proposed Discovery Cutoff Date:

The parties respectfully propose that the cutoff date for fact discovery be set for November 3, 2008, and that the issue of timing and deadlines for expert discovery and dispositive motions be revisited at the close of fact discovery.

n.  **Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.**

The parties anticipate the possible use of expert witnesses concerning the severity and permanency, if any, of plaintiff's injuries. However, depending on fact discovery elicited, defendant may wish to submit a dispositive motion while holding expert discovery in abeyance.

o.  **What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.**

None at this time.

p.  **The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.**

No settlement discussions have taken place to date. To date, plaintiff has not provided a settlement demand, and defendants cannot properly assess this matter until the appropriate documentation is received. The prospects for resolution are unclear at this point.

q.  **A statement by each party as to whether the case is to be tried with or without a jury and the number of trial days expected to be needed for presentation of that party's case.**

The parties agree that this case is to be tried with a jury and anticipate the trial to last approximately three to five days.

r.  **Any other orders that should be entered by the Court under Fed. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).**

No such orders are anticipated to date. The parties, through their respective counsel, reserve their right to amend and to supplement this Preliminary Pre-trial Statement.

Dated:     New York, New York
           April 23, 2008

| ROSE M. WEBER | MICHAEL A. CARDOZO |
|---|---|
| Attorney for Plaintiff | Corporation Counsel of the City of New York |
| 225 Broadway, Suite 1607 | Attorney for Defendant City |
| New York, New York 10007 | 100 Church Street |
| (212) 748-3355 | New York, New York 10007 |
| | (212) 788-1090 |
| By: /s/ Rose M. Weber | By: _____ |
| ROSE M. WEBER (RW 0515) | ROBYN N. PULLIO (RP 7777) |
| | Assistant Corporation Counsel |
| | Special Federal Litigation |

SO ORDERED:

_____
LAURA TAYLOR SWAIN, U.S.D.J.