UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MARLON BAYNES,

                                                  Plaintiff,      **AMENDED COMPLAINT**

                    -against-

                                                          07 Civ. 11185 (LTS)

THE CITY OF NEW YORK, DET. JAMES ROSE,
UNDERCOVER # 110, DET. TIMOTHY HEINES, DET.
STEVEN NEGERSMITH, SGT. "JOHN" SINCLAIR, and     **JURY TRIAL DEMANDED**
P.O.s JOHN and JANE DOE #1-10, individually and in
their official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                                  Defendants.

------------------------------------------------------------------------X

        Plaintiff MARLON BAYNES, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff MARLON BAYNES is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants DET. JAMES ROSE, UNDERCOVER # 110, DET. TIMOTHY HEINES, DET. STEVEN NEGERSMITH, SGT. "JOHN" SINCLAIR, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On September 1, 2005, shortly after midnight, plaintiff MARLON BAYNES was lawfully present in the vicinity of Eighth Avenue and W. 113th Street, in the County, City and State of New York.

14. At aforesaid time and place, plaintiff MARLON BAYNES was suddenly accosted by members of the New York City Police Department.

15. Defendants ordered plaintiff MARLON BAYNES to get on the ground.

16. Defendants handcuffed plaintiff MARLON BAYNES too tightly.

17. As a result of being handcuffed too tightly, plaintiff MARLON BAYNES sustained injuries to his wrists and hands.

18. While plaintiff MARLON BAYNES was on the ground, defendants deliberately stomped on his back.

19. As a result of this unprovoked assault, plaintiff MARLON BAYNES sustained, *inter alia*, injuries to his chin, neck, and shoulder.

20. Defendants placed plaintiff MARLON BAYNES under arrest on narcotics charges, despite defendants' knowledge that they lacked probable cause to do so.

21. Defendants transported plaintiff MARLON BAYNES to a precinct of the New York City Police Department in Manhattan, New York.

22. While at the precinct, plaintiff MARLON BAYNES was subjected to an unlawful strip search.

23. While plaintiff MARLON BAYNES was at the precinct, defendants violently placed him in an unlawful chokehold.

24. As a result of this unprovoked assault, plaintiff MARLON BAYNES sustained, *inter alia*, injuries to his throat and additional injuries to his neck.

25. From the precinct, plaintiff MARLON BAYNES was transported to Manhattan Central Booking.

26. From Manhattan Central Booking, plaintiff MARLON BAYNES was transported to Bellevue Hospital for treatment of the injuries that defendants had inflicted.

27. While at Bellevue Hospital, defendants again handcuffed plaintiff MARLON BAYNES too tightly.

28. As a result of being handcuffed too tightly a second time, plaintiff MARLON BAYNES sustained additional injuries to his wrists and hands.

29. Plaintiff MARLON BAYNES was held and detained in police custody for approximately twenty-four hours.

30. Defendants initiated criminal proceedings against plaintiff MARLON BAYNES despite defendants' knowledge that they lacked probable cause to do so.

31. During the period between September 1, 2005 and November 2005, plaintiff MARLON BAYNES was required to make court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

32. In or about November 2005, all charges against plaintiff MARLON BAYNES were dismissed.

33. As a result of the foregoing, plaintiff MARLON BAYNES sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "33" with the same force and effect as if fully set forth herein.

35. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

36. All of the aforementioned acts deprived plaintiff MARLON BAYNES of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. As a result of the aforesaid conduct by defendants, plaintiff MARLON BAYNES was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

42. As a result of the foregoing, plaintiff MARLON BAYNES's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants strip-searched plaintiff MARLON BAYNES in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

45. As a result of the foregoing, plaintiff MARLON BAYNES was subjected to an illegal and improper strip search.

46. The foregoing unlawful strip search violated plaintiff MARLON BAYNES's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Each and every individual defendant had an affirmative duty to intervene on plaintiff MARLON BAYNES's behalf to prevent the violation of his constitutional rights.

49. The individual defendants failed to intervene on plaintiff MARLON BAYNES's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

50. As a result of the aforementioned conduct of the individual defendants, plaintiff MARLON BAYNES's constitutional rights were violated and he was subjected to excessive force and sustained physical injuries.

**FIFTH CLAIM FOR RELIEF**
**MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983**

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants issued legal process to place plaintiff MARLON BAYNES under arrest.

53. Defendants arrested plaintiff MARLON BAYNES in order to obtain a collateral objective outside the legitimate ends of the legal process.

54. Defendants acted with intent to do harm to plaintiff MARLON BAYNES without excuse or justification.

**SIXTH CLAIM FOR RELIEF**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff MARLON BAYNES's constitutional rights.

57. As a result of the aforementioned conduct of defendants, plaintiff MARLON

BAYNES was subjected to excessive force and sustained physical injuries.

## SEVENTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants misrepresented and falsified evidence before the District Attorney.

60. Defendants did not make a complete and full statement of facts to the District Attorney.

61. Defendants withheld exculpatory evidence from the District Attorney.

62. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff MARLON BAYNES.

63. Defendants lacked probable cause to initiate criminal proceedings against plaintiff MARLON BAYNES.

64. Defendants acted with malice in initiating criminal proceedings against plaintiff MARLON BAYNES.

65. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff MARLON BAYNES.

66. Defendants lacked probable cause to continue criminal proceedings against plaintiff MARLON BAYNES.

67. Defendants acted with malice in continuing criminal proceedings against plaintiff MARLON BAYNES.

68. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding

69.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff MARLON BAYNES's favor in or about November 2005, when all charges against him were dismissed.

### EIGHTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

70.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     Defendants created false evidence against plaintiff MARLON BAYNES.

72.     Defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

73.     Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

74.     In creating and forwarding false information to prosecutors, defendants violated plaintiff MARLON BAYNES's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

### NINTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

75.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     Defendants arrested and incarcerated plaintiff MARLON BAYNES in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

77. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

78. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

79. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a) wrongfully arresting minority individuals on the pretext that they were involved in drug transactions;

   b) manufacturing evidence against individuals allegedly involved in drug transactions;

   c) using excessive force on individuals who have already been handcuffed;

   d) unlawfully strip-searching pre-arraignment detainees in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband; and

   e) arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

80. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Heyward Dotson v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 2136;

- **Theodore Richardson v. City of New York,** United States District Court, Eastern District of New York, 02 CV 3651.

81. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals."

82. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff MARLON BAYNES.

83. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MARLON BAYNES as alleged herein.

84. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff MARLON BAYNES as alleged herein.

85. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff MARLON BAYNES was falsely arrested and incarcerated and improperly strip-searched.

86. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff MARLON BAYNES.

87. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff MARLON BAYNES' constitutional rights.

88. All of the foregoing acts by defendants deprived plaintiff MARLON BAYNES of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. Not to have excessive force imposed upon him;

    D. To be free from unlawful search;

    E. To be free from unwarranted and malicious criminal prosecution;

    F. To be free from malicious abuse of process;

    G. Not to have cruel and unusual punishment imposed upon him; and

    H. To receive equal protection under the law.

89. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars ($5,000,000.00).

**WHEREFORE**, plaintiff MARLON BAYNES demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages and five million dollars ($5,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
              August 19, 2008

                                                        _____/s_____
                                                        ROSE M. WEBER (RW 0515)
                                                        225 Broadway, Suite 1607

New York, NY 10007
(212) 748-3355