UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MARLON BAYNES,

                        Plaintiff,

           -against-

THE CITY OF NEW YORK, DET. JAMES ROSE,
UNDERCOVER #110, DET. TIMOTHY HEINES,
DET. STEEN NEGERSMITH, SGT. "JOHN"
SINCLAIR, and P.O.s JOHN and JANE DOE #1-10,
individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                        Defendants.
------------------------------------------------------------------X

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY**

JURY TRIAL DEMANDED

07 CV 11185 (LTS)(FM)

        Defendant the City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the amended complaint, respectfully alleges, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the amended complaint, except admit that the plaintiff purports to bring this action as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the amended complaint, except admit that the plaintiff purports to bring this action as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the amended complaint, except admit that the plaintiff purports to invoke this Court's jurisdiction as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the amended complaint, except admit that the plaintiff purports that venue is proper as stated therein.

5. Deny the allegations set forth in paragraph "5" of the amended complaint, except admit that the plaintiff purports to demand a trial by jury of all issues in this matter as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the amended complaint.

7. Deny the allegations contained in paragraph "7" of the amended complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York.

8. Deny the allegations contained in paragraph "8" of the amended complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York, that the City of New York maintains a police department.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the amended complaint, except admit that Detective James Rose, Detective Timothy Heines, Detective Steven Negersmith and Sergeant Joseph Sinclair were employed by the New York City Police Department on or about September 1, 2005.

10. The allegations contained in paragraph "10" of the amended complaint constitute conclusions of law rather than averments of fact, and, accordingly, no response is required.

11. The allegations contained in paragraph "11" of the amended complaint constitute conclusions of law rather than averments of fact, and, accordingly, no response is required.

12. The allegations contained in paragraph "12" of the amended complaint constitute conclusions of law rather than averments of fact, and, accordingly, no response is required.

13. Deny the allegations contained in paragraph "13" of the amended complaint.

14. Deny the allegations contained in paragraph "14" of the amended complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the amended complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the amended complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the amended complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the amended complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the amended complaint.

20. Deny the allegations contained in paragraph "20" of the amended complaint, except admit that plaintiff was arrested on charges of Tampering with Physical Evidence and Criminal Possession of a Controlled Substance in the 7th Degree.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the amended complaint, except admit that plaintiff was transported to a police precinct in Manhattan, New York.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the amended complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the amended complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the amended complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the amended complaint, except admit that plaintiff was transported to Manhattan Central Booking on or about September 1, 2005.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the amended complaint, except admit that plaintiff was transported from Manhattan Central Booking to Bellevue Hospital on September 1, 2005.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the amended complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the amended complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the amended complaint, except admit that plaintiff was arrested on September 1, 2005, at approximately 12:30 a.m. and was arraigned in the criminal matter on September 1, 2005, at approximately 11:29 p.m.

30. Deny the allegations set forth in paragraph "30" of the amended complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the amended complaint.

32. Deny the allegations contained in paragraph "32" of the amended complaint, except admit that the criminal case against plaintiff was dismissed on or about December 5, 2005.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the amended complaint.

34. In response to the allegations set forth in paragraph "34" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

35. The allegations contained in paragraph "35" of the amended complaint constitute conclusions of law rather than averments of fact, and, accordingly, no response is required.

36. Deny the allegations set forth in paragraph "36" of the amended complaint.

37. Deny the allegations set forth in paragraph "37" of the amended complaint.

38. Deny the allegations set forth in paragraph "38" of the amended complaint.

39. Deny the allegations set forth in paragraph "39" of the amended complaint.

40. In response to the allegations set forth in paragraph "40" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the amended complaint.

42. Deny the allegations set forth in paragraph "42" of the amended complaint.

43. In response to the allegations set forth in paragraph "43" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the amended complaint.

45. Deny the allegations set forth in paragraph "45" of the amended complaint.

46. Deny the allegations set forth in paragraph "46" of the amended complaint.

47. In response to the allegations set forth in paragraph "47" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the amended complaint.

49. Deny the allegations set forth in paragraph "49" of the amended complaint.

50. Deny the allegations set forth in paragraph "50" of the amended complaint.

51. In response to the allegations set forth in paragraph "51" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the amended complaint.

53. Deny the allegations set forth in paragraph "53" of the amended complaint.

54. Deny the allegations set forth in paragraph "54" of the amended complaint.

55. In response to the allegations set forth in paragraph "55" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the amended complaint.

57. Deny the allegations set forth in paragraph "57" of the amended complaint.

58. In response to the allegations set forth in paragraph "58" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the amended complaint.

60. Deny the allegations set forth in paragraph "60" of the amended complaint.

61. Deny the allegations set forth in paragraph "61" of the amended complaint.

62. Deny the allegations set forth in paragraph "62" of the amended complaint.

63. Deny the allegations set forth in paragraph "63" of the amended complaint.

64. Deny the allegations set forth in paragraph "64" of the amended complaint.

65. Deny the allegations set forth in paragraph "65" of the amended complaint.

66. Deny the allegations set forth in paragraph "66" of the amended complaint.

67. Deny the allegations set forth in paragraph "67" of the amended complaint.

68. Deny the allegations set forth in paragraph "68" of the amended complaint.

69. Deny the allegations set forth in paragraph "69" of the amended complaint, except admit that the criminal case against plaintiff was dismissed on or about December 5, 2005.

70. In response to the allegations set forth in paragraph "70" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

71. Deny the allegations set forth in paragraph "71" of the amended complaint.

72. Deny the allegations set forth in paragraph "72" of the amended complaint.

73. Deny the allegations set forth in paragraph "73" of the amended complaint.

74. Deny the allegations set forth in paragraph "74" of the amended complaint.

75. In response to the allegations set forth in paragraph "75" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the amended complaint.

77. The allegations contained in paragraph "77" of the amended complaint constitute conclusions of law rather than averments of fact, and, accordingly, no response is required.

78. Deny the allegations set forth in paragraph "78" of the amended complaint.

79. Deny the allegations set forth in paragraph "79" of the amended complaint and all subparts thereof.

80. The allegations contained in paragraph "80" of the amended complaint and all subparts thereof constitute conclusions of law rather than averments of fact, and, accordingly, no response is required.

81. Deny the allegations set forth in paragraph "81" of the amended complaint.

82. Deny the allegations set forth in paragraph "82" of the amended complaint.

83. Deny the allegations set forth in paragraph "83" of the amended complaint.

84. Deny the allegations set forth in paragraph "84" of the amended complaint.

85. Deny the allegations set forth in paragraph "85" of the amended complaint.

86. Deny the allegations set forth in paragraph "86" of the amended complaint.

87. Deny the allegations set forth in paragraph "87" of the amended complaint.

88. Deny the allegations set forth in paragraph "88" of the amended complaint and all subparts thereof.

89. Deny the allegations set forth in paragraph "89" of the amended complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

90. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

91. Defendant the City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

92. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

93. At all times relevant to the acts alleged in the complaint, Defendant City and its agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

94. Punitive damages cannot be recovered from the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

95. Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

96. Plaintiff has not complied with the conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

97. There was probable cause for plaintiff's arrest and prosecution.

**WHEREFORE,** defendant the City of New York requests judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 10, 2008

        MICHAEL A. CARDOZO
         Corporation Counsel of
         the City of New York
        Attorney for defendant
         City of New York
        100 Church Street, Room 3-188
        New York, New York 10007
        (212) 788-1090

By: _____
      ROBYN N. PULLIO (RP 7777)

To: **VIA ECF**
Rose M. Weber, Esq.
225 Broadway, Suite 1607
New York, N.Y. 10007

10

Index No. 07 CV 11185 (LTS)(FM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARLON BAYNES,

         Plaintiff,

-against-

THE CITY OF NEW YORK, DET. JAMES ROSE, UNDERCOVER #110, DET. TIMOTHY HEINES, DET. STEEN NEGERSMITH, SGT. "JOHN" SINCLAIR, and P.O.s JOHN and JANE DOE #1-10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

         Defendants

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*

*100 Church Street*
*New York, N.Y. 10007*
*Of Counsel: Robyn N. Pullio*
*Tel: (212) 788-1090*
*NYCLIS No. 2008-040946*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................,2008*

*........................................................ Esq.*

*Attorney for City of New York*